UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| **UNITED STATES OF AMERICA** } | |
| } | |
| v. } | Crim No. 06-0184-02 (EGS) |
| } | |
| (Robert Eugene Wright - 01) } | |
| **DEBRA ANN HICKS** } | |
| Defendant No. 02 } | |
| _____} | |


## MOTION TO RECONSIDER DETENTION ORDER

COMES NOW, defendant, Deborah Ann Hicks a/k/a/ Debra Ann Hicks, and respectfully requests that the Court reconsider its *sua sponte* order revoking Ms. Hick's condition of pretrial release on March 27, 2007. Ms. Hicks is does not dispute that she had violated the conditions of her pretrial supervision by using illicit narcotics and travel outside of the Washington, D.C. Metropolitan Area without permission of the Court.[1] Ms. Hicks requests reconsideration of his bond status because of the hardships imposed on her nine year old son, Donte Hicks, by the fact of her incarceration.

1. At the March 27 hearing, after receiving Notice of Violation Reports from Pretrial Supervision Officer Veronica Onsurez-Pannell indicating that Ms Hick's had tested positive for cocaine use on January 3, 2007, and March 1 and 22, 2007, the Court ordered Ms. Hick's spot-tested by the Pretrial Services Agency's Drug Surveillance Unit in Room 220 of the Superior Court of the District of Columbia. Accompanied by counsel, Ms. Hicks, first requested that counsel speak with Ms. Onsurez-Pannell about her overall compliance in the New Directions Drug Treatment

---

[1] Defendant's motion for temporary modification of travel restrictions permitting her to travel to Metropolitan Philadelphia, Pennsylvania area was denied by the Court on March 26, 2007.

Program which she entered on December 13, 2006 following a 45-day stint in Second Genesis' Residential Treatment Program.  Ms. Onsurez-Panell indicated that as a result of Ms. Hicks' relapse into cocaine abuse, she was recommending that the Court sanctions her by ordering her to repeat Phase II of the New Directions program.  Upon advice of counsel, after submission of the ordered spot-test urine sample, Ms Hick admitted to the Court that she had relapsed and that the spot-test would be positive for cocaine.  The Court thereupon, revoked Ms. Hicks conditional bond, and order detention without bond until her sentencing date which is scheduled for August 14, 2007-- approximately four months hence.

    2. As the Court recalls, on March 6, 2007,  Ms. Hicks pleaded guilty to one count of misdemeanor possession of cocaine base pursuant to Title 21 U.S.C. Section 844.  For Sentencing Guidelines purpose, Ms. Hick falls in Criminal History Category-I, and but for her narcotics addiction, would be presumptively eligible a sentence of probation under the Guidelines.  At the time of her arrest, Ms. Hick had been gainfully employed for over twenty years  by a number of governmental agencies, in clerical positions with progressively increasing responsibilities.  As a consequence of this arrest, Ms. Hicks forfeited a recently secured position as an officer manager commanding a salary in excess of $40,000 per year.

    3. Ms. Hicks has asked counsel to petition the Court for a second opportunity at community supervision.  She does so out of a sense of maternal responsibility for her child who she has again disappointed by "going away" because of her narcotics addiction.  She accepts the responsibility that it is Deborah Hicks, and the erroneous choices she has made, which separates her from the nine year old son, who depended on her to iron his school clothes and pack his lunch box; transport to and from school; prepare his dinner; assist with his homework, and insist that his take his shower before bedtime every night. She now clearly understands that opportunity for pretrial release and to participate in drug treatment and counseling are rehabilitative programs and services put into place

by the Court to promote her stability, and improve her productivity and reliability as a citizen of the District of Columbia.  Ms. Hicks, who has not previously been incarcerated[2], has had her fill of the daily degradation that passes for humane conditions of confinement at the District of Columbia Department of Corrections contract detention facility -- CTF-CCA.  She has asked counsel to inform the Court of her profound remorse for violating her conditions of pretrial release.  Ms. Hicks extends her sincerest pledge that if the Court were to permit this defendant once last opportunity to demonstrate that she now fully understands the self-destructive consequences of her continued addictive behavior , especially the jeopardy to which her admitted offense conduct places herself in , as well as her, underage child, that she will faithfully comply with each and every condition that the Court determines is appropriate and necessary to the assure the safety of the community[3].

**CONCLUSION:**

4.  In view of the forgoing facts and circumstances, the defendant requests that the Court reconsider its order of detention and order Ms. Hicks release on personal recognize with any combination of conditions which the Court determines would be appropriate to assure the defendant future appearances, and the community safety, including the Pretrial Services Agency's Heighten Supervision Program or the High Intensity Supervision Program with Electronic Home Monitoring including any curfew which the Court may determine is appropriate and necessary.

---

[2] On December 8, 1997, Ms. Hick incurred her sole prior conviction in the Superior Court of the District of Columbia for simple possession of cocaine (Case No 1996-FEL-008839) for which she was sentenced to a period of 180 days, with the execution of sentence and fine suspended, and one year term of supervised probation.

[3] Ms. Hicks guilty plea under Title 28 U.S.C. Section 844(a) does not trigger the automatic presumption of detention pursuant to Title 18 U.S.C. Section 3143 "*Release or detention of a defendant pending sentence or appeal*" as she would otherwise be probation eligible under the Federal Sentencing Guidelines, and the minimum statutory period of incarceration which applies in her case is 15 days.

Respectfully submitted,

_____/s/_____
James W. Rudasill, Jr #318113
717 D Street, N.W.
Suite 310
Washington, D.C.  20004
(202) 783-7908

### CERTIFICATE OF SERVICE

_____I hereby certify that a copy of the foregoing Motion for Modification of Pretrial Release was served by mail to electronic mail, CM-ECF system, to Aaron Mendelsohn, Assistant U.S. Attorney, Federal Major Crimes Section, Office of the United States Attorney for the District of Columbia, 555 Fourth Street, N.W , Washington, D.C., 20530 on this 20th day of April, 2007..

_____
James W. Rudasill, Jr.