UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal Case No. 06-184-02 (EGS)** |
| | : | |
| v. | : | |
| | : | **Sentencing Date: February 20, 2008** |
| **DEBRA HICKS,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum to assist the Court in issuing an appropriate sentence in this case.

## FACTUAL BACKGROUND

1. On March 6, 2007, the defendant pled guilty to a superceding Information charging one count of Simple Possession of a Controlled Substance (Cocaine Base), in violation of Title 21 U.S.C. Section 844(a). The defendant's plea was pursuant to an agreement with the Government.

2. Based upon a total offense level of 6, and the defendant's criminal history category of I, the Guidelines range is zero to six months.

3. At the time of her plea, the defendant acknowledged certain relevant criminal conduct by signing a factual proffer. Specifically, the defendant admitted that on April 28, 2004, at approximately 6:15 p.m., at 2503 Rhode Island Avenue, N.E., Washington, D.C., defendant Deborah Hicks was inside of her residence at the above location when co-defendant Robert Wright entered her residence. Co-defendant Wright had earlier met and had a discussion with a

confidential informant (CI) working with agents from the Drug Enforcement Administration (DEA) about the purchase of crack cocaine. The CI had given co-defendant Wright $2,000 in U.S. Currency, after which co-defendant Wright had removed an object from the trunk of his car and walked into the residence of defendant Hicks with that object.

4. After approximately ten minutes, the CI walked over to defendant Hick's residence and began to call out to co-defendant Wright. Defendant Hicks walked outside of her residence and spoke briefly with the CI. Defendant Hicks then re-entered her residence and came back outside with a brown paper bag, which she handed to the CI. The CI looked inside of the bag and saw that it contained a plastic bag with a large amount of crack cocaine, which had just been cooked-up and was still warm and soft to the touch.

5. Defendant Hicks told the CI that co-defendant Wright would soon be coming outside of her residence. The CI waited outside of defendant Hick's residence until co-defendant Wright came outside. The CI asked co-defendant Wright if it was "straight," and co-defendant Wright responded that he had given the CI an extra "seven grams over." The CI then left the area with the DEA agents.

6. The DEA conducted forensic analysis of the cocaine base distributed to the CI by defendant Hicks and co-defendant Wright and confirmed the presence of cocaine base, also known as crack, which is smokeable or capable of being smoked, with a net weight of 60.2 grams and a concentration of 56%.

**ARGUMENT**

7. Given the nature and circumstances of the defendant's criminal actions, but also taking into account the defendant's lack of an extensive criminal record, her employment

history, and her demonstrated remorse, the Government believes that a sentence at the low end of the Guideline range would be appropriate.

8.  While the factual proffer agreed to by the defendant clearly indicates the differences in the culpability between defendant Hicks and her co-defendant, the fact still remains that defendant Hicks personally delivered 60.2 grams of cocaine base to a CI that "had just been cooked-up and was still warm and soft to the touch." Moreover, the defendant was bringing the recently cooked-up cocaine base to the CI from within her own house – a house where presumably her young child also resided – and she had every reason to believe that the CI would further distribute the cocaine base to others in the community as well.

WHEREFORE, for all of the above reasons, the Government respectfully requests that the Court impose a sentence at the low end of the Guidelines range.

Respectfully submitted,
JEFFREY A. TAYLOR
United States Attorney

BY: _____/s/_____
JEAN W. SEXTON
Assistant United States Attorney
NJ Bar No. 02122-1995
555 4th St., N.W. Room 4235
Washington, D.C. 20530
(202) 305-1419
Jean.Sexton@usdoj.gov